## Price Noe, Appellant, *v.* The State.

Indictment held good.   See Kliffield *v.* The State, ante, p. 304.

The prisoner may be tried for violations of penal statutes at the same term at which he is indicted.

The continuance of a cause is a matter in the sound discretion of the court, and not ground of error.

Mere impressions as to the guilt of the prisoner, do not disqualify a juror.

APPEAL from the criminal court of the county of Jefferson.

Saunders, for the appellant.

Attorney General, *contra.*

Mr. Justice Turner delivered the opinion of the court.

The appellant was indicted, tried and convicted under the statute commonly called the Gallon Law, and received the sentence of the court at the December term, 1839.

The appellant assigns four errors, viz:

1st. The criminal court erred in refusing to the appellant a new trial as prayed for.

2d. The court below erred in overruling the challenge of the appellant, to the juror, Lewis C. Watson.

3d. The court below erred in compelling the appellant to submit to a trial at the term of the court at which the indictment is supposed to have been found.

4th. The indictment is wholly defective in substance, and each order and judgment in the cause is unlawful and defective.

The record in this case contains an indictment of three counts, substantially the same as those contained in the case of the State *v.* Geo. H. Kliffield, already decided in this court, and the same opinion is entertained by this court in this as in that case, as to the form and substance of the indictment. The two first counts are considered good, the third bad. But, as already decided, if there

is one good count, in an indictment consisting of several counts, it is sufficient to warrant a conviction.  We therefore find nothing in the fourth error assigned to warrant a reversal of the judgment, as it respects the indictment; and we have not found any " order or judgment in the record, either unlawful or defective."

It seems that the indictment was found at the same term at which the defendant was arrested, tried, and convicted, and this is assigned for error.  There is no law or usage against such a proceeding.  The defendant below moved for a continuance, but did not succeed in satisfying the judge that justice required a continuance of the cause.  A continuance of a cause, ready for trial, is a matter in the discretion of the court, and it is not the subject matter for a writ of error or an appeal.  Such a matter cannot be re-examined in an appellate court.  But if it could, the affidavit for the continuance is wholly insufficient, in not showing due diligence to procure the testimony of the witnesses, and in not stating that he expected to procure the attendance of the witnesses at the next term.

The 2d error assigned, is for overruling the challenge of the appellant to the juror, L. C. Watson.

It appears by the bill of exceptions, that this juror was challenged for cause, and being examined on oath stated, " that he has not formed or expressed any *opinion* as to the guilt or innocence of the defendant, that in the case of the State *v.* Geo. H. Kliffield, indicted for the same offence, and just tried in this court, he heard the testimony of the witnesses, which created an *impression* upon his mind, as to the guilt or innocence of the defendant in this case, the witness therein speaking of the defendant in this case as to his connexion with said Kliffield, which it would require testimony to remove, but that he believed he could impartially decide between the state and defendant—or that he had no settled or fixed opinion," whereupon the court overruled the objection and permitted the said Watson to be sworn upon the jury.

We do not consider that we should be warranted by the authorities of adjudged cases in deciding that Watson was not an impartial juror.  He says that he had not formed or expressed any *opinion*, &c. but that, being a listener in court, he heard evi-

dence given in another case, which made an *impression* on his *mind*, which it would require testimony to remove, but that he believed he could impartially decide, &c. &c. that he had no settled or fixed opinion. Slight impressions made on the mind, in this way, are of such common occurrence, that it cannot be considered as disqualifying a juror. To *disqualify*, the juror must have formed and expressed an opinion, or have such acknowledged prejudice, or bias, as would disable him from doing justice according to the evidence, between the state and the accused. If this were a capital case, the question might be different.

There is nothing in the case to show that the first error assigned, should prevail, viz: that the court overruled a motion for a new trial. The evidence given in the case is not embodied in the record.

With respect to the legislative act in question, we consider that there is no constitutional difficulty. The provisions of that law are such as the General Assembly are entirely competent *to enact*. They are the peculiar judges of the acts necessary to promote public order, public morals, and the public good.

Let the judgment of the court below be affirmed.